THIS OPINION IS
CITABLE AS PRECEDENT
OF THE TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA  22313-1451

Mailed:  November 1, 2006

LMS

Cancellation No. 92043691

Smart Inventions, Inc.

v.

TMB Products, LLC as assignee
of Yellowtop, North America,
Inc.[1]

Before Holtzman, Rogers and Kuhlke,
Administrative Trademark Judges.

By the Board:

This case comes up on respondent's motion to set aside the default judgment under Fed. R. Civ. P. 60(b)(4) entered by the Board on January 6, 2005.  As grounds for the motion, respondent states that TMB Products, LLC was the owner of record of the involved registration at the time this proceeding was instituted; that it never received actual or constructive notice of the proceeding; that the Board failed to follow Trademark Rule 2.113(c) to provide notice to the current owner; and that therefore the Board lacked jurisdiction over respondent, rendering the default judgment

---

[1] Assignment recorded in the Office on May 25, 2004 at Reel 2975/Frame 0426.

void.  Petitioner objects, alleging that respondent has not satisfied the oft-cited factors to be considered under Fed. R. Civ. P. 60(b)(6).

Contrary to petitioner's arguments, Federal Rule 60(b)(4) does not require a balancing test to perform or provide for discretion to be exercised.  A default judgment is either valid or void and if it is void, it must be set aside.  *See* Wright, Miller & Kane, *Federal Practice and Procedure:*  Civil 2d § 2862 (2002).  Further, a judgment "is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law."  *Id*.  In this case, respondent raises the issue that a lack of actual notice of the proceeding prevented the Board from obtaining jurisdiction over the respondent.

A review of the record establishes that (1) Yellowtop, North America, Inc. (hereinafter sometimes referred to as "Yellowtop") filed an application, Serial No. 74542027,[2] on June 23, 1994; (2) that Yellowtop executed an assignment of the mark and its application to TMB Products, LLC on December 31, 1999; (3) that the application issued as Reg.

---

[2] For the mark SMART BROOM for "indoor and outdoor brooms" in Class 21 with "broom" disclaimed and alleging a date of first use and first use in commerce of April 18, 1994.

No. 2513616 to Yellowtop, North America, Inc.[3] on December 4, 2001; (4) that TMB Products, LLC recorded the assignment with the Assignment Division of the Office on May 25, 2004; (5) that this proceeding was filed on September 7, 2004 and instituted against Yellowtop, North America, Inc. on September 16, 2004; (6) that notice of the proceeding was sent to Yellowtop; (7) that the answer was due on October 26, 2004; (8) that a notice of default was issued November 12, 2004; (9) that default judgment was entered January 6, 2005; and (10) that the copy of the default judgment sent to Yellowtop was returned to the Board by the U.S. Postal Service as undeliverable on February 1, 2005.[4]

Thus, the record on its face shows that all of the Board's correspondence with respondent was not sent to the owner of record of the registration at the time the petition was filed. Trademark Rule 2.113(c) provides (emphasis added):

---

[3] A new owner or assignee of a pending application can help ensure a registration will issue in its name by following the procedures set out in 37 CFR § 3.85. This involves recording the assignment and filing a request that the registration issue in the new owner's name, which ensures the new address is made of record in the application file.

[4] Respondent alleges that the returned mail was of the original service copy of the Petition to Cancel and submitted a photocopy of the returned envelope. However, that returned envelope is associated with the default judgment order, as the postmark was January 10, 2005, and not the original service. Had it been the original service copy that was returned, standard procedures would have required the Board to publish notification of the cancellation proceeding in the Offical Gazette pursuant to 37 CFR § 2.118.

> The Board shall forward a copy of the petition for cancellation and any exhibits with a copy of the notification to the respondent (see § 2.118). **The respondent shall be the party shown by the records of the Office to be the current owner of the registration(s)** sought to be cancelled, except that the Board, in its discretion, may join or substitute as respondent a party who makes a showing of a current ownership interest in such registration(s).

Because the Board did not serve TMB Products, LLC, the record owner of the involved registration, it was not afforded reasonable notice of the proceeding and an opportunity to respond.

If a judgment is void, it must be set aside without regard to any potential hardship to the petitioner and there is no time limit on an attack to a judgment that is void. *See* Wright, Miller & Kane, *supra.* Accordingly, respondent's motion is granted and the Board's default judgment entered on January 6, 2005 is hereby set aside.

Registration No. 2513616 will be restored to the register.

A copy of the original petition to cancel is hereby forwarded to respondent, TMB Products, LLC, and respondent has THIRTY days from the mailing date of this order to file an answer or other response. Proceedings are resumed and discovery and trial dates are reset as indicated below.

| | |
|---|---|
| Discovery period to close: | **4/15/2007** |

4

| | |
|---|---|
| 30-day testimony period for party in position of plaintiff to close: | **7/14/2007** |
| 30-day testimony period for party in position of defendant to close: | **9/12/2007** |
| 15-day rebuttal testimony period to close: | **10/27/2007** |

In each instance, a copy of the transcript of testimony together with copies of documentary exhibits must be served on the adverse party within thirty days after completion of the taking of testimony.  Trademark Rule 2.125.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b).  An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.

.o0o.